JABEZ T. WATERMAN *vs.* JOHN R. PULSIFER, appellant from decree of JUDGE OF PROBATE.

Androscoggin.    Opinion November 8, 1881.

*Probate appeal, notice of. R. S.,* c. 66, §.11.

Service upon the creditor of a notice of an appeal from the decision of commissioners of insolvency in the manner provided by R. S., c. 66, § 11, is not waived by another service of the notice and order of court thereon, made after the expiration of thirty days from the date of the return of the commissioners.

ON EXCEPTIONS.

The exceptions state that the question involved is the sufficiency of the notice of the appeal, from John R. Pulsifer to Jabez T. Waterman, as required by R. S., c. 66, § 11.

(Notice of appeal.)

"To the honorable judge of probate for the county of Androscoggin.

"John R. Pulsifer, of Poland, respectfully represents that he is a creditor of the estate of Jabez Waterman, late of Poland, deceased, whose estate has been represented insolvent, that Jabez T. Waterman, a creditor of said estate, presented his claim against the deceased to the commissioners of insolvency on said estate, with whose decision on the same, he is dissatisfied, and therefore gives notice that he appeals from said decision of said commissioners, and herewith files his bond as required by law.

"Dated this twenty fourth day of February, A. D. 1879.

JOHN R. PULSIFER.

"State of Maine. Androscoggin, ss. Probate Office. Received and filed February 25th, A. D. 1879.

Attest,                GEO. S. WOODMAN, Register.

"Androscoggin, ss. March 10, A. D. 1879. I this day, left at the usual and last place of abode of the within named Jabez

T. Waterman, a copy of this notice attested by Geo. S. Wood-man, Register of Probate, for the county of Androscoggin.

Fees.      THOMAS LITTLEFIELD, Sheriff.

Service .50
Travel 6 miles .72

$1.22

"Androscoggin, ss. At a probate court, holden at Auburn,. within and for said County, on the third Tuesday of March, A. D. 1879.

"Ordered : The foregoing appeal being duly filed, that the same be recorded, and said claim of Jabez T. Waterman, be deemed contingent, and that said appellant cause the said claimant, his agent or attorney, to be duly served with an attested copy of said appeal, with this order thereon, within thirty days from the date hereof.

GEORGE C. WING, Judge.

"Androscoggin, ss. March 24, A. D. 1879. I, this day, left at the usual and last place of abode of the within named Jabez T. Waterman, a copy of the within notice and order of court thereon, attested by Geo. S. Woodman, Register of Probate, for the county of Androscoggin.

Fees.      THOMAS LITTLEFIELD, Sheriff.

Service .50
Travel 6 miles .72

$1.22

"A true copy. Attest. GEO. S. WOODMAN, Register.."

*N. and J. A. Morrill*, for the plaintiff.

The appellant, having made a sufficient service, if the creditor was a resident, took an order of court prescribing a notice suitable to a non-resident, he thereby waived the first service ; if he is to rely upon any notice to Jabez T. Waterman, as a resident of the State, it must be by virtue of the second service ; but that was not made within thirty days after the return of the commissioners, and consequently is not sufficient. *Palmer* v. *Palmer*, 61 Maine, 243.

The reasons of appeal, filed in this case, also show that the appellant waived the first service.

In an appeal from a decree of the judge of probate the appellant is restricted to such matters as are specified in the reasons of appeal. *Bean* v. *Burleigh*, 4 N. H. 550; *Mathes* v. *Bennet*, 1 Foster, 188; *Gilman* v. *Gilman*, 53 Maine, 188. This imposes no hardship, it is said, upon the appellant, for he is at liberty to state as many reasons as he chooses; and the appellee should have notice of what matters are to be contested in the appellate court. The points specified in the reasons of appeal are the only subjects which the adverse party is notified to be prepared to investigate. Everything else not having been objected to, is impliedly assented to and presumed to be correct. *Boynton* v. *Dyer*, 18 Pick. 4. Had the appellant intended to rely upon the first service he should have specified it with the same distinctness that he did the second.

*W. W. Bolster*, for the defendant, cited : R. S., c. 66, § 11; *Tilden* v. *Johnson*, 6 Cush. 354; *Stinson* v. *Snow*, 10 Maine, 263; *Pullen* v. *Haynes*, 11 Gray, 379; *Agry* v. *Betts*, 12 Maine, 415. See Maine Digest, p. 966, § § 18, 19, 20 and 21, and cases there cited. *Adams* v. *Rowe*, 11 Maine, 89; *Pick* v. *Warren*, 8 Pick. 163; *Arnold* v. *Tourtellot*, 13 Pick. 172.

SYMONDS, J. The sufficiency, under R. S., c. 66, § 11, of the notice of appeal taken by the present appellant, a creditor of the estate of Jabez T. Waterman, from the decision of the commissioners of insolvency allowing the appellee's claim against that estate, is stated in terms to be the question reserved for consideration upon these exceptions.

The notice of March 10, 1879, was precisely what the statute required. The return of the officer, shows service upon the claimant by leaving, at his last and usual place of abode in this state, within thirty days from the time when the commissioners' report was made and accepted, a legally attested copy of the written notice of appeal which had been duly filed at the probate office.

For some reason, which does not appear, an order of court for new notice to the claimant was entered at a later date. It is urged that the notice. given in pursuance of this order is itself insufficient, and at the same time is a waiver of the first. We do

not consider its sufficiency. We think it waived nothing. The requirement of the statute was met without it. The claimant, according to the only evidence in the case, then having his last and usual place of abode in this state, the statute prescribed the notice to be given, and the order of court could add nothing to its requirement. When the terms which the statute imposed were complied with, the appeal was completed, without further conditions.

This statutory notice, it will be seen, was not one that assigned a time and place for hearing—so that, one hearing only being intended, an earlier notice would naturally be regarded as superseded by a later and different one. Its object was to notify the creditor that an appeal was claimed. To give it was a step that must be taken in order to perfect the appeal. But when the creditor once had the legal notice, we do not perceive on what principle an unsuccessful attempt to repeat it, or to give another, could be said to leave him without the notice which the statute intended.

This ground is sufficiently stated in the reasons for the present appeal from the later decree of the probate court, and the single question reserved must be decided in favor of the appellant.

*Exceptions sustained.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.